*Chen v. Lynch*

BIA
Zagzoug, IJ
A087 978 713

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of September, two thousand fifteen.

PRESENT:
> JOHN M. WALKER, JR.,
> DENNIS JACOBS,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

RONG CHEN,
> *Petitioner,*

v.                                          14-1961
                                            NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,*
> *Respondent.*

_____

FOR PETITIONER:             Gary J. Yerman, New York, New York.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr. as Respondent.

**FOR RESPONDENT:**  Joyce R. Branda, Acting Assistant Attorney General; Linda S. Wernery, Assistant Director; Sarah A. Byrd, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Rong Chen, a native and citizen of China, seeks review of a May 16, 2014, decision of the BIA affirming an April 2, 2012, decision of an Immigration Judge ("IJ") denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rong Chen*, No. A087 978 713 (B.I.A. May 16, 2014), *aff'g* No. A087 978 713 (Immig. Ct. N.Y. City Apr. 2, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision "as modified by" the BIA, i.e., minus the determination that Chen's asylum application was untimely filed. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Contrary to Chen's argument,

2

it was not error for the BIA to bypass the timeliness issue and instead consider the merits of Chen's asylum claim. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). Accordingly, we address only the adverse credibility determination and review it for substantial evidence. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008); 8 U.S.C. § 1252(b)(4)(B).

For asylum applications, like Chen's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies and omissions in an applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim," as well as demeanor and responsiveness during questioning. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64, 167. Omissions are "functionally equivalent" to inconsistencies, and "can serve as a proper basis for an adverse credibility determination." *Xiu Xia Lin*, 534 F.3d at 166, n.3. Substantial evidence supports the agency's determination that Chen was not credible.

In finding Chen not credible, the IJ gave specific examples of Chen's demeanor during the merits hearing.  Demeanor is "paradigmatically the sort of evidence that a fact-finder is best positioned to evaluate."  *Li Zu Guan v. INS*, 453 F.3d 129, 140 (2d Cir. 2006).  We therefore grant "particular deference" in applying the substantial evidence standard to credibility findings based on demeanor.  *Shu Wen Sun v. B.I.A.*, 510 F.3d 377, 381 (2d Cir. 2007) (internal quotation marks and citations omitted).  Moreover, the IJ's finding-that Chen's fluid testimony on direct examination appeared "rehearsed" when compared to his "halting, confused and varying testimony on cross examination"-is supported by the transcript.

Chen argues that the IJ should not have relied on the discrepancies between his asylum interview, testimony, and application.  Because Chen's asylum interview contains a "meaningful, clear, and reliable summary of the statements made by [Chen] at the interview," the agency could rely on it.  *Diallo v. Gonzales*, 445 F.3d 624, 632 (2d Cir. 2006) (internal quotation marks and citation omitted).  Chen testified that his legs and feet were badly bruised and swollen after he was beaten by police, but his asylum interview and application stated only

he was slapped in the face and punched in the abdomen. Chen's omission of these injuries was a proper basis for the IJ's adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 166, n.3. Further, the agency was not compelled to credit Chen's explanations for these omissions—that he included only "the important things" in his application and "forgot" to mention these injuries during his asylum interview. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks and citations omitted)). It is implausible that Chen's most severe injuries were not "important" enough to include in his application, or that he "forgot" these injuries during his asylum interview. *Majidi*, 430 F.3d at 80-81.

Chen argues that his testimony about his passports should not have factored into the adverse credibility determination because it did not have anything "to do with the Petitioner's claim regarding the persecution he suffered." However, an inconsistency need not go "to the heart of the applicant's

claim." 8 U.S.C. § 1158(b)(1)(B)(iii). Thus, the inconsistent testimony regarding Chen's passports was properly considered. *Id.*

Chen also attacks the IJ's conclusion that he did not submit sufficiently reliable written corroboration to rehabilitate his testimony. First, Chen faults the IJ for discounting his birth certificate and household registration because they were not authenticated. Although the agency may err in rejecting a document based solely on a failure to authenticate it under the regulations, *see Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 403 (2d Cir. 2005), it does not err where, as here, it discounted documentary evidence that was not authenticated in any way and was dated as issued in 2010 (after his stated arrival in the United States), *and* there were "legitimate concerns" about Chen's credibility, *see Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 148 (2d Cir. 2007); *Matter of H-L-H & Z-Y-Z-*, 25 I. & N. Dec. 209, 214-15 (B.I.A. 2010). Chen also argues that the agency improperly speculated about the "document practices of [a] particular police department in China" by assuming documentation would be issued to him regarding his arrest and detention. However, this argument

distorts the IJ's findings.  The IJ did "not accept [Chen's] testimony that there was no documentation whatsoever concerning his detention or release," whether from the police or another source.  Moreover, Chen did not raise this argument before the Board and may not raise it for the first time on appeal.  *See Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk